JEROME F. MANNING, appellant, *vs.* AUGUSTA M. DEVEREUX.

Waldo.    Opinion February 19, 1889.

*Probate.    Appeal.    Exceptions.    Proof of death.*

Upon an appeal from the probate court to the supreme court of probate, no issue of fact having been framed to be submitted to the jury, at the trial of the appeal, it is the duty of the presiding justice to determine all issues of fact; and to his determination of such issues, exceptions do not lie.

The burden of proof is on the appellant to sustain the allegations of his petition. It appearing to the court that the facts were otherwise, his exceptions to such findings were properly overruled.

ON EXCEPTIONS.

Appeal from a decree of the judge of probate, Waldo county, refusing to vacate a decree granting administration on the estate of one Albert Devereux.

The appellant, claiming to be a creditor of said Devereux, for reasons of his appeal alleged that the appellee was appointed administratrix upon her petition representing that said Albert Devereux died between October 4, 1884, and January 30, 1885; that the only grounds for such allegation were that he went to sea on said 4th day of October, 1884, and had not been heard from between those dates; that said decree granting administration was prematurely made; the mere absence of said Devereux, on a voyage at sea for a period of six months and ten days, being insufficient to raise a presumption of his death.

The case was tried, on the appeal, by the supreme court of probate, Waldo county, at the October term 1887. The appellee testified that said Devereux, her husband, sailed from Port Spain, Trinidad, October 4, 1884, on board the bark Cinderilla, heavily

loaded with molasses, bound for Philadelphia. There was a hurricane October 6, and since then no tidings had been received from the vessel, or any one connected with it. Twenty-five days are considered a fair passage for the voyage.

The presiding justice ordered the decree of the probate court affirmed, and appellant's petition dismissed. The appellant excepted to the order and ruling of the court.

*J. Williamson,* for appellant.

Administration granted, without other evidence of death than was presumed by mere absence at sea six months and ten days, may be revoked upon suggestion of one having no interest in the matter; by a stranger; by an *amicus curiæ.*

Obtained by fraud, and misrepresentation, voidable by the court granting it, and may be repealed. Toller, Exors. 121, 122.

Administration *quia improvide,* repealed but granted to same person. Com. Dig. (B. 8.) The ordinary may revoke or set aside administration granted to next of kin, if they come too hastily to take out administration, within the fourteen days. 3 Bac. Ab. 50.

King's court will issue prohibition, upon information of either plaintiff, defendant, or a mere stranger if the ecclesiastical court should hold plea of matters not belonging to its jurisdiction. 5 Bac. Ab. C. 650. Appellant, interested and "person aggrieved." *Smith* v. *Bradstreet,* 16 Pick. 254; *Boynton* v. *Dyer,* 18 Pick. 1; *Smith* v. *Sherman,* 4 Cush. 409; *Stebbins* v. *Palmer,* 1 Pick. 98; *Lewis* v. *Bolitho,* 6 Gray, 137; *Veazie Bank* v. *Young,* 53 Maine, 555; *White* v. *Riggs,* 27 Id. 114; *Deering* v. *Adams,* 34 Id. 41; *Sturtevant* v. *Tallman,* 27 Id. 78.

Burden of proof upon appellee to prove death of her husband at any time less than seven years after October 4, 1884. 1 Taylor Ev. § 157; *Davie* v. *Briggs,* 97 U. S. 628; *McCartee* v. *Camel,* 1 Barb. Ch. 455; *Smith* v. *Knowlton,* 11 N. H. 191; *Newman* v. *Jenkins,* 10 Pick. 515; *White* v. *Mann,* 26 Maine, 361.

*Thompson and Dunton,* for appellee.

Decree, not having been appealed from, conclusive. *Clark* v. *Pishon,* 31 Maine, 503.

Facts show Albert Devereux was dead on the 8th day of April, 1885. *Johnson* v. *Merithew*, 80 Maine, 111.

LIBBEY, J. Augusta M. Devereux was appointed administratrix on the estate of Albert Devereux, deceased, by the probate court in Waldo county, the second Tuesday of April, 1885. At the June term of said court, 1887, the appellant, claiming to be a creditor of said Albert Devereux, filed his petition praying that said decree appointing the administratrix, be annulled, on the ground that at the time of said decree Albert Devereux was not dead. On a hearing of the parties the judge of probate denied the prayer of the petition, and the petitioner took an appeal to the supreme court of probate. On the trial of the appeal, in that court, no issue of fact was framed to be submitted to a jury. It was the duty of the presiding justice to determine all issues of fact; and to his determination of such issues exceptions do not lie. For that reason the exceptions should be overruled.

But assuming that the whole case is properly before this court, we can see no error. The petition raised two issues of fact. 1. Whether the petitioner was a creditor of Albert Devereux. 2. Whether said Devereux was dead when the decree granting administration on his estate was passed by the probate court. We think the evidence was not only sufficient to authorize the finding of both issues against the appellant, but to require it.

*Exceptions overruled.*

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.